SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney

MARK L. KROTOSKI (CSBN 138549)
Chief, Criminal Division

ANDREW P. CAPUTO (CSBN 203655)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California  94102
    Telephone:  (415) 436-7004
    Facsimile:   (415) 436-7234
    E-mail: andrew.caputo@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 07-0268 SI |
| Plaintiff, | ) ) | **[PROPOSED]** |
| | ) | **ORDER OF DETENTION** |
| v. | ) | **PENDING TRIAL** |
| | ) | |
| YAFIT ESHED, | ) ) | |
| Defendant. | ) ) | |

    Defendant Yafit Eshed made her initial appearance on May 7, 2007.  At this initial appearance, the United States moved for detention on grounds of flight risk.  Based on the government's proffer concerning flight risk, the Court set a detention hearing for May 9.  That detention hearing was then continued to May 11.  A further detention hearing was held on May 14.  Defendant was present for each detention hearing and was represented by Julia Jayne of Campbell & Jayne LLP.  Assistant United States Attorney Drew Caputo appeared for the United States.

    Pretrial Services submitted reports to the Court and the parties that recommended

[PROPOSED] DETENTION ORDER
CR 07-0268 SI

1  detention, and a representative of Pretrial Services was present at the hearings.  The Government
2  requested detention, and defendant opposed.  Proffers and arguments regarding detention were
3  submitted by the parties at the hearings.
4      Upon consideration of the facts, proffers and arguments presented, the Court finds by a
5  preponderance of the evidence that no condition or combination of conditions of release will
6  reasonably assure the appearance of defendant as required.  Accordingly, the Court concludes
7  that defendant must be detained pending trial in this matter.
8      The present order supplements the Court's findings at the detention hearing and serves as
9  written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1).
10     The Court makes the following findings as basis for its conclusion that no condition or
11 combination of conditions of release will reasonably assure the appearance of defendant.  First,
12 defendant is a citizen of Israel who appears to be in the United States illegally, apparently having
13 overstayed the tourist visa on which she entered the country.  United States Immigration and
14 Customs Enforcement has placed an immigration detainer on defendant.  The fact that defendant
15 has strong ties to Israel, having spent most of her life there, creates a significant risk of flight by
16 itself.  Second, in contrast to her strong ties with Israel, defendant has limited ties with the Bay
17 Area.  Her strongest tie appears to be with her now-incarcerated husband, who is a co-defendant
18 in the case before this Court.  Third, defendant has an extremely unstable residential history in
19 the United States.  The report prepared by Pretrial Services reveals that defendant has lived in
20 nine separate locations in the past year.  Fourth, the Court has concerns about defendant's
21 truthfulness in her interview with Pretrial Services.  Defendant told Pretrial Services that she was
22 unsure of her most recent address and unfamiliar with the people with whom she most recently
23 resided.  The Court finds these representations not to be credible.  An individual who is not
24 truthful and forthcoming with Pretrial Services is less likely to comply successfully with
25 conditions of pretrial release.  Fifth, defendant has no significant employment history in the
26 United States.  Sixth, while defendant has proposed two sureties in order to secure her release,

1  neither proposed surety is prepared to post property to secure defendant's appearance, a fact that
2  suggests at least some concern on their part that defendant might not comply with her release
3  conditions if she were released.  For all these reasons, the Court deems defendant to present a
4  serious risk of flight that cannot be mitigated adequately by conditions of release.

5       Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

6       1.    Defendant be, and hereby is, committed to the custody of the Attorney General for
7  confinement in a corrections facility separate, to the extent practicable, from persons awaiting or
8  serving sentences or being held in custody pending appeal;

9       2.    Defendant be afforded reasonable opportunity for private consultation with her
10 counsel; and

11      3.    On order of a court of the United States or on request of an attorney for the
12 government, the person in charge of the corrections facility in which defendant is confined shall
13 deliver defendant to an authorized deputy United States marshal for the purpose of any
14 appearance in connection with a court proceeding.

16 Dated:   May 15, 2007

HONORABLE ELIZABETH D. LAPORTE
United States Magistrate Judge



[PROPOSED] DETENTION ORDER
CR 07-0268 SI                                     3